UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Patrick S. Pringle, | ) | Civil Action No.: 4:16-cv-02639-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Patrick S. Pringle, ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's claim for supplemental security income ("SSI") under the Social Security Act (the "Act"). The matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge recommends the Court affirm the Commissioner's decision. [ECF #20].

**Factual Findings and Procedural History**

On September 19, 2012, Plaintiff filed an application for SSI alleging an inability to work since February 1, 2008. [ECF #9, Ex. 1D]. At the hearing, Plaintiff amended his onset date to November 28, 2012, the date of his fiftieth birthday. [ECF #11, p. 8]. Plaintiff alleges disability due to depression, a herniated disc, Crohn's disease and high blood pressure. [ECF #9, Ex. 1A].

Plaintiff was incarcerated for a total of approximately twenty-five years for various crimes such as burglary, disorderly conduct, and breaking and entering. [ECF #11, p. 4]. The record does not contain a large volume of medical records. However, a review of the record reveals Plaintiff suffers

from a long history of intestinal disorders, including exacerbation of Crohn's disease, the repair of a prolapsed mucus fistula at 28 years old and two ostomy bags. [ECF #11, p. 5]. In 2009, Plaintiff underwent bowel surgery. [ECF #11, p. 5]. In 2012, after Plaintiff was released from prison, he was admitted to the hospital for abdominal pain. [ECF #11, p. 5]. He was again admitted to the hospital in 2013 for rectal bleeding. [ECF #11, p. 5]. In January of 2014, Plaintiff was treated for a perirectal abcess. [ECF #11, p. 5]. Several months later, he was diagnosed with possible cellulitis of the anal area, and in the same year he was treated for acute liver failure arising from Tylenol overdoses. [ECF #11, p. 5]. At the hearing, Plaintiff testified that he underwent a colostomy in 1990 and has worn a colostomy bag for approximately 9 and ½ years. [ECF #9-2, pp. 40, 45]. He also reported suffering from an anal fistula, which makes it difficult for him to sit for sustained periods. [ECF #11, p. 6]. Due to his need to make frequent trips to the restroom, Plaintiff testified he was unable to keep his employment with Outback Steakhouse. [ECF #11, p. 42].

With respect to Plaintiff's back injuries, records indicate he has degenerative changes throughout his pelvis in the lumbar spine, including a posterior disc protrusion at L4-5. [ECF #11, p. 5]. Plaintiff testified at the hearing that due to his back pain, he cannot stand up for long periods of time. [ECF #9-2, p. 44]. He testified that he could lift approximately ten to twenty pounds. [ECF #9-2, p. 54]. He testified that he uses a cane. [ECF #9-2, p. 54]. His testimony also included the fact that he could not walk for more than thirty minutes without a break, and he is limited to a couple of hours on his feet at a time. [ECF #11, p. 6]. Plaintiff does not have records indicating he has been in psychiatric care for any extended period of time, however, it appears he was diagnosed with depression and given a prescription for Celexa. [ECF #11, p. 5].

Two state agency consultants evaluated Plaintiff and opined that he could stand and walk for

six of the eight hours in the work day, and lift twenty pounds occasionally and ten pounds frequently, which was consistent with a finding of the ability to perform light work. [ECF #11, p. 5]. At the hearing, a vocational expert offered testimony regarding two hypothetical situations. In the first hypothetical, he was asked to assume than an individual had no past relevant work, but could stand, walk, and lift with limitations consistent with an ability to perform light work. [ECF #11, p. 6]. The vocational expert determined that this would allow for occupations including unskilled assembly, hand packers and packagers, and simple machine tenders and operators. [ECF #11, p. 6]. The vocational expert was then given a second hypothetical in which he was to assume an individual could stand or walk for only one hour of the workday. [ECF #11, p. 7]. The vocational expert determined that the individual could perform the same occupations previously discussed even with this additional limitation because those jobs involve sitting most of the time. [ECF #11, p. 7]. When questioned by Plaintiff's attorney regarding Plaintiff's limitations, the vocational expert did testify that these occupations would require the ability to maintain the work area for two hours at a time without leaving for the bathroom. [ECF #11, p. 7]. He further opined that the occupations could not be performed with the use of a cane. [ECF #11, p. 7].

The Social Security Administration denied his application initially and on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on February 3, 2015. The ALJ denied Plaintiff's claim on March 26, 2015, finding that Plaintiff was not under a disability as defined in the Social Security Act, as amended. [ECF #9-2, p.26]. The ALJ's findings were as follows:

> (1) The claimant has not engaged in substantial gainful activity since September 19, 2012, the application date. (20 C.F.R. 416.971 et seq.).

(2) The claimant has the following severe impairments: Chrohn's Disease and spine disorder (20 C.F.R. 416.920(c)).

(3) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926).

(4) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b) except he can lift up to twenty pounds occasionally and ten pounds frequently. The claimant can stand or walk approximately one hour per eight-hour workday and sit approximately seven hours per eight-hour workday, with normal breaks. The claimant can never climb ladders, ropes, scaffolds, ramps, or stairs.

(5) The claimant has no past relevant work (20 C.F.R. 416.965).

(6) The claimant was born on November 28, 1962, and was 49 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 C.F.R.416.963).

(7) The claimant has at least a high school education and is able to communicate in English (20 C.F.R.416.964).

(8) Transferability of job skills is not an issue because the claimant does not have past relevant work (20 C.F.R. 416.968).

(9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 416.969 and 416.969(a)).

(10) The claimant has not been under a disability, as defined in the Social Security Act, since September 19, 2012, the date the application was filed (20 C.F.R. 416.920(g)).

[ECF #9-2, pp. 19-26].

Plaintiff requested a review of the ALJ's decision, which the Appeal Council denied on July 13, 2016, making the decision of the ALJ the final decision of the Commissioner. [ECF #10-2, p. 1-5]. On

July 26, 2016, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. [ECF #1]. Both Plaintiff and Defendant filed briefs [ECF #11; ECF #16; ECF #17], and the Magistrate Judge issued his Report and Recommendation on March 3, 2017, recommending that the Commissioner's decision be affirmed. [ECF #20, p. 13]. The Magistrate Judge recommends affirming the Commissioner's decision because the record contains substantial evidence to support the decision that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. [ECF #20, p. 13]. Plaintiff filed objections on March 15, 2017. [ECF #22]. Defendant replied to these objections on March 27, 2017. [ECF #27].

**Standard of Review**

I.  **Judicial Review of the Commissioner's Findings**

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court

5

disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## II.     The Court's Review of the Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the Report and Recommendation ("R & R") to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## **Applicable Law**

Under the Act, Plaintiff's eligibility for the sought-after benefits hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.\* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966. If an assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it then becomes necessary to determine whether the claimant can perform some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors. Thus, according

to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined (1) whether the claimant currently has gainful employment, (2) whether he suffers from a severe physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are met, the impairment prevents him from returning to previous work, and (5) whether the impairment prevents him from performing some other available work.

## Analysis

Plaintiff's objection to the recommendation of the Magistrate Judge is that it was error not to explicitly consider the application of the sedentary rule, which would have resulted in a finding that Plaintiff was disabled under the guidelines. This is the same argument Plaintiff previously advanced in his briefs to this Court and were previously considered by the Magistrate Judge. Plaintiff expressly notes, however, that he is not challenging the finding of the RFC. [ECF #22, p.4].

Plaintiff notes that the ALJ applied what is often termed as a "mixed RFC" to his conditions; specifically that the RFC's determination of the weight Plaintiff can lift is consistent with the definition of "light work," while Plaintiff's ability to stand or walk is consistent with the definition of "sedentary work." Plaintiff argues that this decision does not comply with Social Security Ruling 83-12 because the ALJ did not "assess the significance" of the degree of erosion of the occupational base. [ECF #11, p. 13]. It is Plaintiff's contention that the ALJ should have considered applying the sedentary rule, or otherwise considered the fact that Plaintiff's severe limitations in standing or walking for one hour might have significantly eroded the light occupational base, such that Plaintiff should have been found disabled. In reviewing the record, the Magistrate Judge considered the fact that the vocational expert opined that Plaintiff would be able to perform certain occupations, even with the one hour standing/walking limitation. The Magistrate Judge also found conclusive the fact that the vocational

expert opined that there was no variation in his response to the two hypotheticals given because he had already reduced the occupations Plaintiff would be able to perform–in other words those occupations already take into consideration the need for additional time for sitting due to the limit on how long he can stand/walk. [ECF #20, p. 12]. Therefore the Magistrate Judge found that the ALJ's reliance on this testimony and what jobs Plaintiff could perform in the national economy to conclude that Plaintiff was not disabled was supported by the evidence within the record.

Social Security Ruling 83-12 states: "[t]he adjudicator will consider the extent of any erosion of the occupational base and assess its significance." SSR 83-12 further provides adjudicative guidance to situations where the exertional level falls between two rules which direct opposite conclusions, i.e. a finding of disabled at one level, but not disabled at the over level. The Ruling also states that, "if the exertional capacity is significantly reduced in terms of the regulatory definition, it *could* indicate little more than the occupational base for the lower rule and could justify a finding of 'Disabled'" (emphasis added). Thus, in situations where an individual's RFC, age, education and experience do not directly coincide with the criteria under the rules, "the rules are used, in conjunction with the definitions and discussions in the text of the regulations, as guidance for decision making." SSR 83-10, 1983 WL 31251. Plaintiff is admittedly aware of the fact that the Fourth Circuit does not require reversal of a decision whenever the ALJ does not set out specific findings concerning the erosion of an occupational base when, as here, an ALJ receives the testimony of a vocational expert. However, Plaintiff urges this Court to consider the rationale in *Bisceglia v. Colvin*, 173 F. Supp. 3d 326 (E.D. Va. 2016) to come to the conclusion that the ALJ did not adequately address the significance of the degree of the erosion of the occupational base, based mainly on Plaintiff's inability to walk/stand beyond an hour.

This Court first considers the binding precedent in this Circuit. The Fourth Circuit has held that

9

a Commissioner makes a proper finding that a claimant is not disabled if the vocational expert's testimony upon which it relied included testimony that jobs exist in the national economy based on a hypothetical that accurately reflects the claimant's work-related abilities. *Morgan v. Barnhart*, 142 Fed. Appx. 716, 720-21 (4th Cir. 2005) (citing *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Plaintiff does not explicitly argue that the hypothetical was improper. Moreover, other cases in this Circuit have not imposed the heightened standard suggested by Plaintiff. The Fourth Circuit has observed that the rules does not prescribe a set formula for assessing the availability of jobs. *Walls v. Barnhart*, 296 F.3d 287, 291 (4th Cir. 2002). It is clear in this case that the ALJ relied upon the vocational expert's testimony that occupations existed in significant numbers in the national economy given the limitation on standing/walking. The ALJ specifically cited to this testimony and the specific occupations and numerosity of jobs available in determining the extent of erosion caused by Plaintiff's additional limitations. [ECF #9-2, p. 25].

However, this Court understands Plaintiff's argument to be that the use of a vocational expert in this case was unnecessary because the ALJ, in adhering to SSR 83-12, should have found that Plaintiff's limitations were "significantly reduced," and therefore rely on the Medical-Vocational Rules as a framework to determine that Plaintiff was disabled. In this case, Plaintiff's ability to perform job duties falls somewhere in the middle of sedentary work and light work. In such instances, the Medical-Vocational Guidelines (the "Grid") are used as a framework, rather than to expressly direct a finding of "disabled" or "not disabled."[1] In *Burgess v. Astrue*, the Court explained that SSR 83-12 did not mandate reversal of the Commissioner's decisions where the ALJ did not set out specific findings

---

[1] *See Hall v. Harris*, 658 F.2d 260, 265 (4th Cir. 1981) (noting that where the findings as to all factors do not coincide with the criteria of a particular rule, the rule serves as a guideline along with the principles and definitions in the regulations, and full consideration must be given to all relevant facts in the case).

regarding the erosion of the occupational base when the ALJ relies upon a vocational expert's analysis of the precise question of whether there are jobs in the economy a claimant can perform. *Burgess v. Astrue*, No. 2:07-3022, 2008 WL 4904874, at *6 (D.S.C. Nov. 13, 2008). Furthermore, SSR 83-12 considers the special situation of alternating between sitting and standing, and provides "[i]n cases of unusual limitation of ability to sit or stand, a VS (vocational specialist) should be consulted to clarify the implications for the occupational base." SSR 83-12, 1983 WL 31253, *4. This Court finds that the ALJ appropriately relied upon testimony from the vocational expert and adequately explained his reasons for his findings, given that Plaintiff's exertional capacity fell in the middle of two rules, giving him a mixed RFC, and directing opposite conclusions as to the finding of a disability. Accordingly, the ALJ's determination that Plaintiff is not disabled, particularly after hearing testimony from a vocational expert, is supported by substantial evidence and does not constitute legal error.

This Court's review of *Bisceglia v. Colvin*, 173 F. Supp. 3d 326 (E.D. Va. 2016) does not otherwise provide strong support for Plaintiff's position. In *Bisceglia*, the claimant disputed the ALJ's RFC determination that claimant could perform light work because the ALJ claimed it was based on the findings of the state agency consultants who, contrary to the ALJ's opinion, found the claimant's maximum sustained capacity was for sedentary work. *Id.* at 330. Plaintiff does not dispute the RFC determination in this case; nor did the state agency consultants opine that Plaintiff could only perform sedentary work. *Bisceglia* also remanded the case because that court found that the ALJ erred in failing to properly apply the SSA's Grid rules to the claimant's alleged disabilities. *Id.* at 335. However, beyond noting that the ALJ did not mention the Grid rules for sedentary work, the *Bisceglia* Court found an obvious conflict in the fact that the ALJ's decision found that the claimant's limitation impeded her ability to perform "all or substantially all of the requirements of light work," but the ALJ did not

otherwise use the Grid rules for sedentary work. *Id.* at 336. Here, the ALJ noted that Plaintiff does not have the ability to perform all or substantially all of the requirements of light work because of the additional standing/walking limitation, and relied upon the testimony of the vocational expert to determine the extent of those limitations and what jobs Plaintiff would be capable of performing, given a hypothetical that took into account this additional limitation. Moreover, ultimately the RFC determination was supported by the state agency consultants' opinions, the only opinions regarding Plaintiff's ailments that are a part of the record. Given the explanation provided by the ALJ and the record before this Court, this Court finds that this decision is supported by substantial evidence.

Finally, Plaintiff alleges that the ALJ applied an improper legal standard in failing to appropriately comply with SSR 83-12, and the Magistrate Judge failed to consider this issue. Plaintiff cites to *Myers v. Califano*, 611 F.2d 980 (4th Cir. 1980) to argue that the "substantial evidence" standard only applies to factual findings. In *Myers*, the Fourth Circuit noted that while a review of the Secretary's factual findings will be upheld if supported by substantial evidence, the ultimate conclusions must be legally correct. In reviewing for any legal error, this Court does not find that the ALJ committed legal error by not expressly stating why he did not apply the sedentary rule in this case, given the analysis provided above. The ALJ's ultimate conclusions based on those factual findings are legally correct. Accordingly, substantial evidence exists in the record to support this decision, and this Court finds that the Commissioner's decision should be affirmed.

## **Conclusion**

The Court has thoroughly reviewed the entire record as a whole, including the administrative transcript, the briefs, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, Defendant's response to Plaintiff's objections, and the applicable law. For the foregoing reasons, the Court adopts

the recommendation of the Magistrate Judge. [ECF #20].  The Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Florence, South Carolina                                                s/ R. Bryan Harwell
May 2, 2017                                                                    R. Bryan Harwell
                                                                                                            United States District Judge